1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

　　　　Plaintiff,

　　v.

EDDIE RAY HALL,

　　　　Defendant.

Case No. 2:09-CR-116-RHW-1

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

　　　　Before the Court is Defendant Eddie Ray Hall's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 18 U.S.C. § 2255.  ECF No. 214. The Court has also considered the government's response. ECF No. 216. As neither party requested oral argument, the motion was decided without a hearing. The Court has reviewed the motion and all relevant filings and is fully informed.

## BACKGROUND & PROCEDURAL HISTORY

　　　　On January 20, 2011, Mr. Hall pleaded guilty to one count of Distribution of 50 Grams or More of a Mixture or Substance Containing Five Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 125. The Base Offense Level was a 32, and 2 additional points were added for obstruction of justice, raising the Adjusted Offense Level to 34. ECF No. 136 at 8. This two-point enhancement stemmed from Mr. Hall's actions at the time of the arrest, which included an attempt to flee and the intentional collision with an unmarked police vehicle. *Id*. at 6, 8. Mr. Hall's offense level was then adjusted

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255~ 1**

down by 3 additional points for acceptance of responsibility, resulting in a Total Offense Level of 31. *Id.* at 9.

Mr. Hall's Presentence Investigation Report stated that he qualified as a career offender within the meaning of UNITED STATES SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 4B1.1(a). *Id.* at 8-9. This calculation was based on previous convictions for: Delivery of Marijuana, in violation of WASH. REV. CODE § 69.50.401, *id.* at 14; and Residential Burglary, in violation of WASH. REV. CODE § 9A.52.025, *id.* at 17. The Base Offense Level for this conviction as a career criminal was 34, the same as the Base Offense Level with the obstruction of justice enhancement added. *Id.* at 8-9.

At the sentencing hearing, held April 21, 2011, the Court specifically noted and both parties agreed that the Total Offense Level was 31 regardless of whether Mr. Hall was classified as a career offender or the obstruction of justice enhancement was applied. ECF 161 at 12. A Total Offense Level of 31, together with Mr. Hall's Criminal History Category of VI, resulted in a Guidelines range of 188 to 235 months. ECF No. 136 at 25. Following arguments on both the obstruction of justice enhancement and the career criminal designation, the Court ruled only on the issue of the obstruction of justice, finding that the enhancement applied and did not address the career criminal designation. ECF No. 161 at 14. The Court stated: "I find that that enhancement applies under Paragraph 34. And then if you subtract three points for acceptance of responsibility, you get a sentencing range of 188 to 235 months." *Id.*

The Court sentenced Mr. Hall to 195 months. *Id.* at 39. In reaching this determination, the Court noted that it considered the Guidelines, but it was only one factor that was considered. *Id.* In particular, the Court noted the need to protect the public from a defendant with a lengthy criminal history. *Id.* Ultimately, the Court concluded that based on the Guidelines and the individual characteristics of Mr. Hall, 195 months was "enough but not too much." *Id.* Mr. Hall appealed, and

the Ninth Circuit affirmed his conviction and sentence on May 18, 2012. ECF No. 166.

On November 22, 2013, Mr. Hall filed his first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, asserting two claims of relief: (1) ineffective assistance of counsel because his attorney refused to seek a recess so he could discuss the enhancement for obstruction of justice with him; and (2) ineffective assistance of counsel because his counsel failed to call a psychologist that evaluated him to testify at the sentencing hearing and present mitigating factors. ECF No. 171. The Court denied his claims on January 8, 2014. ECF No. 172.

Mr. Hall filed Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 on December 11, 2015. ECF No. 185. On December 15, 2015, Mr. Hall filed a Motion to Withdraw the Motion to Reduce Sentence, stating that he believed the best course of action would be to challenge his designation as a career offender under 18 U.S.C. § 2255 based on the ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015) (hereinafter "*Johnson*"). ECF No. 187. Nevertheless, on December 28, 2015, Mr. Hall filed a Renewed Motion to Reduce Sentence and Motion to Withdraw ECF 187 (the original Motion to Withdraw). ECF No. 189. In this Motion, Mr. Hall argued that the Court never made a formal finding that he was a career offender for sentencing purposes. *Id.* at 2. The Court issued an order on February 2, 2016, denying Mr. Hall's request for a sentence reduction. ECF No. 196. In the order, the Court makes the explicit finding that Mr. Hall was a career offender and ineligible for relief under Amendment 782. *Id.* at 5. However, the Court alternatively denied the request based on an evaluation of 18 U.S.C. § 3553(a) factors and again emphasized the need to protect public safety and the individual characteristics of Mr. Hall. *Id.* at 6-8. On February 8, 2016, Mr. Hall appealed this order to the Ninth Circuit. ECF No. 199. The Ninth Circuit affirmed the Court's order denying relief on December 20, 2016. ECF No. 210.

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255~ 3**

On January 24, 2017, the Ninth Circuit granted permission for Mr. Hall to file this successive § 2255 Motion, which was deemed to be filed on June 2, 2016. ECF No. 213. Mr. Hall's § 2255 motion seeks relief by finding that he was improperly sentenced as a career offender under the holding in *Johnson*.

## DISCUSSION

Mr. Hall moves the Court to vacate his sentence pursuant to 28 U.S.C. § 2255 arguing that pursuant to the Supreme Court's decision in *Johnson*, his prior conviction for residential burglary cannot enhance his sentence as he does not qualify as a career offender based on this conviction. ECF No. 214 at 4.

## I. Legal Standard

### a. 28 U.S.C. § 2255

28 U.S.C. § 2255 outlines four grounds upon which a Court may grant relief to a prisoner who challenges his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Although there are four categories, the range of claims that fall within the scope of § 2255 are narrow. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The asserted error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

### b. U.S.S.G. §§ 4B1.1-4B1.2

Under U.S.S.G. § 4B1.1, a defendant is deemed to be a career offender when: (1) the defendant was over eighteen years old when the instant offense was committed; (2) the instant offense is a crime of violence or a controlled substance offense; and (3) the defendant has two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. §

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255~ 4**

4B1.1(a). "Crime of violence" is defined in § 4B1.2 as a federal or state offense punishable by imprisonment for more than one year that:

(1) "has an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*."

U.S.S.G. § 4B1.2(a) (emphasis added).

The italicized language in U.S.S.G. § 4B1.2(a)(2) is commonly known as the "residual clause." In *Johnson*, the Supreme Court held that the identically worded "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(2)(B)(ii), violates a defendant's right to due process because it is unconstitutionally vague. 135 S. Ct. at 2560. In 2016, Supreme Court held that its decision in *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *See Welch v. United* States, 136 S. Ct. 1257, 1268 (2016).

## II.    Analysis

Mr. Hall argues that the logical consequence of *Johnson* is that the residual clause in U.S.S.G. § 4B1.2(a)(2) is also unconstitutionally vague. Under this theory, because *Johnson* effectively invalidated the residual clause in U.S.S.G. § 4B1.2(a)(2), an offense can only qualify as a "crime of violence" under U.S.S.G. § 4B1.2 if it falls within either U.S.S.G. § 4B1.2(a)(1) (the "elements clause") or the first clause of U.S.S.G. § 4B1.2(a)(2) (the "enumerated offenses clause").

On March 6, 2017, the United States Supreme Court issued a decision in *Beckles v. United States*, 580 U.S. ___ (2017), which held that the U.S.S.G., including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. The Supreme Court stated that, unlike the residual clause in the ACCA, the Guidelines do not fix the range of sentences allowed, but

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255~ 5**

rather they operate to guide the court's discretion in determining the appropriate sentence. *Id.* at__ (slip op., at 5). Therefore, the residual clause of § 4B1.2(a)(2) is not void for vagueness, and Mr. Hall is not entitled to relief under this theory.

Further, the record demonstrates that even if Mr. Hall had not been found to be a career offender, the Guidelines calculation would have been the same. Both parties agreed with the Court that Mr. Hall's Total Offense Level was 31 if the obstruction of justice enhancement was included or whether he was designated a career offender. ECF No. 161 at 12. Following arguments on both possible enhancements, the Court ruled only on the obstruction of justice enhancement. *Id.* at 14. In both the original sentencing and the February 2016 order, the Court expounded the public safety reasons and defendant characteristics that contributed to the sentence. *See* ECF Nos. 161 at 39; 196 at 6-8. The Court chose a sentence based on all of the considerations before it—the Guidelines being just one—that explain its decision to sentence Mr. Hall to 195 months, a number that is "enough but not too much." ECF No. 161 at 39. Mr. Hall has failed to demonstrate how this was illegal or otherwise subject to attack.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Eddie Ray Hall's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, **ECF No. 214**, is **DENIED.**

2. Defendant Eddie Ray Hall is **DENIED** a certificate of appealability.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and the U.S. Probation Office and close the file.

**DATED** this 8th day of March, 2017

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255~ 6**