# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE RAY HALL,<br><br>Defendant. | Case No. 2:09-CR-116-RHW-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant Eddie Ray Hall's Motion for Reconsideration. ECF No. 218. The Court has reviewed the filings on record, considered Mr. Hall's request without oral argument, and is fully informed.

On March 8, 2017, the Court entered an order denying Mr. Hall's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2555. ECF No. 217. In that Motion, Mr. Hall argued that pursuant to the decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), his prior conviction for residential burglary cannot enhance his sentence, and thus he cannot qualify as a career offender based on this conviction. ECF No. 214 at 4. The rationalization was that the holding of *Johnson*, which found the language of the "residual clause" Armed Career Criminal Act ("ACCA") unconstitutionally vague, should also apply to the UNITED STATES SENTENCING GUIDELINES MANUAL (hereinafter "Guidelines") particularly to the similar language found in the "residual clause" of § 4B1.2(a). *Id.*

As the Court explained in its Order, the decision in *Beckles v. United States*, 137 S.Ct. 886 (2017), held that the Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause.

**ORDER DENYING MOTION FOR RECONSIDERATION - 1**

Unlike the residual clause of the ACCA, the Guidelines do not fix the range of sentences allowed, but rather they operate to guide the court's discretion in determining the appropriate sentence. *Id.* at 892. Therefore, the residual clause of § 4B1.2(a)(2) is not void for vagueness. Because of the holding in *Beckles*, there are no legal grounds for relief in Mr. Hall's § 2255 motion.

Mr. Hall also asserts in his Motion for Reconsideration that the Total Offense Level referenced by the Court in its Order is incorrect, but he does not provide evidence to explain this claim. However, if it is because of a change in the sentencing range due by the Sentencing Commission, the Court has already denied relief pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 196.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Eddie Ray Hall's Motion for Reconsideration, **ECF No. 218**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to defendant, counsel and the U.S. Probation Office, and close the file.

**DATED** this 27th day of April, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION - 2**