FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE RAY HALL,<br><br>Defendant. | No. 2:09-CR-00116-RHW-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION**<br><br>**\*\*UNITED STATES MARSHAL ACTION REQUIRED\*\*** |

Before the Court is Defendant's Motion to Reduce Sentence. **ECF No. 228**. The Court has considered Defendant's motion, the Government's response, Defendant's reply, the letter from the U.S. Probation Office for the District of Montana outlining the results of its investigation into Defendant's proposed release plan, the parties' statements at the hearing, and the earlier filings in the case. Being fully informed, the Court finds that Defendant's motion should be **GRANTED** and his sentence should be reduced to a term of time served.

///

///

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION ~ 1**

## I.  Background

In August 2009, the Government filed an eight-count indictment charging Defendant and a co-conspirator with various drug trafficking offenses. ECF No. 3. Defendant later entered a plea of guilty to count five of the indictment, which charged him with Distribution of 50 Grams or More of a Substance Containing 5 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 123, 125.

At the sentencing hearing, the Court emphasized Defendant's egregious criminal history and noted that his repeated burglaries and flights from custody and crime scenes created serious risk of injury to others. ECF No. 161 at 37. Citing Defendant's dangerousness and the need to protect the public, the Court sentenced Defendant to 195 months' imprisonment and 5 years' supervised release. ECF No. 146. Defendant has subsequently filed several motions to reduce his sentence. ECF Nos. 185, 189, 214. In denying these, the Court found that Defendant continued to pose a threat to public safety. ECF Nos. 195 at 7-8, 217 at 6.

Defendant is scheduled to be released from custody in February 2022 and will be eligible for home confinement in September 2021. ECF No. 228 at 3.

## II.  Discussion

Defendant argues that the conditions of his incarceration at FCI Milan place him at a high risk of contracting—and of having a greater reaction to infection

from—the SARS-CoV-2 virus because of his existing medical conditions (including hepatitis C, chronic kidney disease, and not having a spleen or most of his bowels) and the alleged inability of prison staff to handle the outbreak. *See* ECF No. 228. Defendant asks the Court to reduce his term of imprisonment from 195 months to time served and impose home confinement as an additional condition of supervised release. *See* ECF No. 237 at 15 (requesting "release to home confinement under the watchful eye of Probation."). He intends to live with his cousin in Hungry Horse, Montana. *Id.* at 6. Per the Court's request, the U.S. Probation Office for the District of Montana has investigated Defendant's proposed release plan and determined that it is suitable. ECF No. 241.

      The Government acknowledges that Defendant has already served most of his sentence and that his medical conditions put him at a high risk for complications if he is exposed to the virus. ECF No. 234 at 1-2. Nevertheless, the Government argues that Defendant still poses a danger to the community and asks the Court to deny his motion on that basis. *Id.* at 2, 17.

      The "compassionate release" statute authorizes district courts to reduce an incarcerated person's term of imprisonment if, after considering the 18 U.S.C. § 3553(a) factors, it finds that (1) "extraordinary and compelling reasons warrant

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION ~ 3**

such a reduction," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A).

The statute does not define what constitutes "extraordinary and compelling" reasons, but instead directs the Commission to promulgate "the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In its sentence reduction policy statement, the Commission outlines three specific categories of circumstances that constitute "extraordinary and compelling" for a sentence reduction: (1) a serious medical condition that is terminal or substantially diminishes the inmate's ability to provide self-care, (2) a combination of old age and a serious medical condition, and (3) family circumstances under which the prisoner is the only caregiver for a dependent child or incapacitated spouse. U.S.S.G. §1B1.13 cmt. n.1(A)-(C). The Commission also included a catch-all provision providing for compassionate release when "there exists in the defendant's case an extraordinary and compelling reason other than, or in

---

[1] Prior to the First Step Act of 2018, only the Bureau of Prisons could file a motion for compassionate release. *United States v. Thomas*, 570 F. Supp. 2d 202, 203 (D. P.R. 2007); *see also* U.S.S.G. §1B1.13 cmt. n.4. A prisoner could not initiate the compassionate release process. *Thomas*, 570 F. Supp. 2d at 203. Thus, if the BOP refused to file a motion for compassionate release, the prisoner had no ability to challenge that decision in court. *Id.* The First Step Act of 2018 changed this. Now, for the first time, prisoners are permitted to bring a motion directly to the district court after either (1) exhausting administrative remedies with BOP or (2) having a compassionate release motion pending before the BOP for at least 30 days without receiving an answer. *See* First Step Act of 2018, Pub. L. No. 115- 391, 132 Stat. 5194, 115th Cong., § 603(b)(1) (2018); *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The parties agree that Defendant meets this requirement here.

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION ~ 4**

combination with, the [other enumerated] reasons."[2] U.S.S.G. §1B1.13 cmt. n.1(D). Defendant asks that the Court analyze his motion under this catch-all provision—"other reasons" that are "extraordinary and compelling."

The Sentencing Commission's policy statement additionally requires that "the defendant is not a danger to the safety of any other person or to the community, as provided in [the Bail Reform Act's standards applicable to pretrial detention]." U.S.S.G. § 1B1.13(2); *see United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 353 (S.D. Tex. 2019).

The risks posed by the COVID-19 pandemic, standing alone, do not constitute "extraordinary and compelling" reasons for compassionate release, absent additional factors such as advanced age or serious underlying health conditions that place a prisoner at greater risk of negative complications from the disease. *United States v. Betrand*, 2020 WL 4004031, at *3 (S.D.N.Y. 2020). Rather, compassionate release motions amid the COVID-19 pandemic require a

---

[2] The catch-all provision still states that these "other reasons" shall be only those "determined by the Director of the Bureau of Prisons." U.S.S.G. §1B1.13 cmt. n.1(D). This is because the Sentencing Commission never amended the Guidelines following the First Step Act (and cannot do so until it again has four voting commissioners). *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019). Nevertheless, courts have generally concluded that they may determine for themselves whether "other reasons" exist under the catch-all provision to justify compassionate release. *See id.* at 681-82 (collecting cases); *see also United States v. Cantu*, 423 F. Supp. 3d 345, 349-352 (S.D. Tex. 2019); *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019). The result "is that the district court can consider anything—or at least anything the BOP could have considered—when assessing a defendant's motion." *Brown*, 411 F. Supp. 3d at 450.

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION ~ 5**

fact-intensive inquiry, taking into account the unique circumstances of each individual defendant. *Id.* Courts consider factors such as (1) the age of the prisoner, (2) the severity and documented history of his or her health conditions, as well as the defendant's history of managing those conditions in prison, (3) the proliferation and status of infections in the specific prison facility, (4) the proportion of the term of incarceration that has already been served, and (5) the sentencing factors in 18 U.S.C. § 3553(a), with particular emphasis on the seriousness of the offense, the deterrent effect of the punishment, and the need to protect the public. *Id.*

The parties agree that the second and fourth factors—Defendant's undisputed medical issues and the short amount of time remaining on his custodial sentence—weigh in favor of granting his motion. The central issue is therefore whether Defendant presents "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The Court finds that Defendant's advancing age (he is now 56 years old), the length of time he has spent in prison, and the nature of his severe health conditions all indicate that he will likely be able to transition to living safely in the community. The Court also finds that Defendant's decision to isolate himself in rural Montana shows a desire to separate himself from his past influences.

Moreover, as Defendant himself acknowledges, if he "falls back to his old ways and violates his supervised release, this Court will be within its power to

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION ~ 6**

resentence him to more time than he currently has remaining on his sentence." ECF No. 237 at 15. The Court notes that it has authority to revoke Defendant's term of supervised release on the grounds that he is a continued danger to public safety. *See* 18 U.S.C. § 3583(e) (a revocation sentence may be predicated on the need "to protect the public from further crimes of the defendant," incorporating 18 U.S.C. § 3553(a)(2)(C)); *United States v. Wong*, 687 F. App'x 593, 595 (9th Cir. 2017) ("The district court expressly considered . . . the "need for deterrence," and the "need to protect the public from this defendant," all of which are permissible factors for a court to consider when sentencing a defendant following the revocation of a term of supervised release."); *United States v. Ibarra-Murietta*, 539 F. App'x 716 (9th Cir. 2013) (same).

Pursuant to the Court's request in its July 23, 2020 order, ECF No. 239, the Bureau of Prisons has been quarantining Defendant for the last 24 days. Defendant has also been tested twice for the SARS-CoV-2 virus, both of which were negative.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Reduce Sentence, **ECF No. 228**, is **GRANTED**.

2. Defendant's term of imprisonment is **REDUCED** from 195 months to **TIME SERVED**. The U.S. Marshal and the U.S. Bureau of Prisons shall prepare Defendant for his immediate release from custody.

3. Defendant will reside in Hungry Horse, Montana and will be supervised by the U.S. Probation Office for the District of Montana. However, the Court will **RETAIN JURISDICTION** over this case.

4. In light of the difficulties associated with location monitoring, the Court will not impose home detention as an additional condition of supervision at this juncture. However, Defendant's conditions of supervised release shall be modified to include the following additional special condition:

> The U.S. Probation Office for the District of Montana shall have discretion to limit Defendant's travel to the extent it deems necessary, up to and including the imposition of home detention. The supervising officer shall have discretion to fashion the specific nature of these travel restrictions depending on the circumstances of the case, the Defendant's habits, the resources available to both the Probation Office and Defendant (*e.g.*, access to a cellular telephone, vehicle, etc.), and other relevant factors.

5. All other terms of the original sentence remain unchanged.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward copies to counsel, the U.S. Probation Office for the Eastern District of Washington, the U.S. Probation Office for the District of Montana, and the Bureau of Prisons. An amended judgment in accordance with this Order will be filed.

**DATED** this August 18, 2020.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION ~ 8**